UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **MANIKANTA PASULA, LIKHITH BABU GORRELA, THANUJ KUMAR GUMMADAVELLI, HANGRUI ZHANG,** and **HAOYANG AN**, on behalf of themselves and all those similarly situated,<br><br>　　Plaintiffs,<br><br>　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY;<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT;<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, BOSTON FIELD OFFICE;<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, MANCHESTER SUB-FIELD OFFICE;<br><br>**KRISTI NOEM**, Secretary of the Department of Homeland Security;<br><br>**TODD LYONS**, Acting Director of the Immigration and Customs Enforcement;<br>　　　　Defendants. | No. 1:25-cv-156 |

**PLAINTIFFS' EXPEDITED MOTION FOR A
CLASSWIDE PRELIMINARY INJUNCTION
(EXPEDITED ORAL ARGUMENT REQUESTED)**

Pursuant to Fed. R. Civ. P. 65(a), and Count 1 (Administrative Procedure Act/Regulatory Claim) of Plaintiffs' Complaint for Declaratory and Injunctive Relief—and for the reasons stated in the accompanying memorandum of law, declarations, and all pleadings filed—Plaintiffs respectfully move this Court to issue a preliminary injunction:

1

A. Requiring Defendants to reinstate the F-1 student status and corresponding SEVIS immigration record for all students at (and Optional Practical Training participants affiliated with) any educational institutions (including colleges and universities) in New Hampshire, Massachusetts, Maine, Rhode Island, and Puerto Rico who had their F-1 student status terminated and had their SEVIS immigration record correspondingly terminated by Defendants since March 1, 2025 where Defendants' student status termination was neither (i) based on the criteria set forth in 8 C.F.R. § 214.1(d), (ii) because the student failed to maintain student status based on the criteria set forth in 8 C.F.R. § 214.1(e)-(g), nor (iii) because the student failed to make normal progress toward completing a course of study under 8 C.F.R § 214.2(f)(5)(i);

B. Enjoining Defendants from, in the future, terminating the F-1 student status and corresponding SEVIS immigration record for all students at (and Optional Practical Training participants affiliated with) any educational institutions (including colleges and universities) in New Hampshire, Massachusetts, Maine, Rhode Island, and Puerto Rico where (i) the criteria set forth in 8 C.F.R. § 214.1(d) is not satisfied, (ii) the student has not failed to maintain student status based on the criteria set forth in 8 C.F.R. § 214.1(e)-(g), and (iii) the student has not failed to make normal progress toward completing a course of study under 8 C.F.R § 214.2(f)(5)(i); and

C. Ordering any further relief this Court deems just and proper.

The grounds for this motion are set forth in Plaintiffs' accompanying memorandum of law in support of their motion. Plaintiffs also move this Court for an order waiving the requirement for bond or security.

Pursuant to L.R. 7.1(h), Plaintiffs respectfully request an expedited schedule and a ruling by May 7, 2025. In the interest of time, Plaintiffs request that the Court schedule argument on or before May 5, 2025. Plaintiffs and Class 1 members face imminent and irreparable harm because of Defendants' unilateral and unlawful F-1 student status terminations. For example, many students of Class 1 members were about to complete their studies, receive degrees, graduate from schools, and participate in the Optional Practical Training (OPT). Indeed, Plaintiff Likhith Babu Gorrelea is in this situation. His graduation date for his Master's program is May 20, 2025, and he plans to participate in OPT after graduation. Students who are on OPT also face imminent and irreparable harm because many students' OPT-authorized periods usually end in June and July, as

many students commence participating their OPT after May graduation. Moreover, all students with F-1 student status who were not on OPT were in the middle of their semesters when Defendants terminated their status. Students like Plaintiff Haoyang An and Plaintiff Thanuj Kumar Gummadavelli would not be able to continue enrolling in classes without taking the risk of falling out of student status. Further, many Ph.D. students' sole income is through their research and teaching assistantships. Plaintiff Hangrui Zhang faces severe financial and academic hardship because he cannot work or engage in research for his Ph.D. program. Without the Court's expedited intervention, Plaintiffs and class members face imminent and irreparable harm.

Plaintiffs and similarly situated members,

By and through their Counsel,

Dated: April 18, 2025

Respectfully submitted,

*/s/ SangYeob Kim*

Ronald L. Abramson (NH Bar: 83593)
SHAHEEN & GORDON P.A.
180 Bridge Street
Manchester, NH 03104
603.792.8472
rabramson@shaheengordon.com

Carol Garvan (NH Bar: 21304)
Zachary L. Heiden*
Heather Zimmerman*
AMERICAN CIVIL LIBERTIES UNION OF MAINE FOUNDATION
P.O. Box 7860
Portland, Maine 04112
207.619.8687
cgarvan@aclumaine.org
heiden@aclumaine.org
hzimmerman@aclumaine.org

Lynette Labinger*
Cooperating counsel,
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF RHODE ISLAND
128 Dorrance Street, Box 710
Providence, RI 02903
401.465.9565
LL@labingerlaw.com

Gilles R. Bissonnette (NH Bar: 265393)
Henry Klementowicz (NH Bar: 21177)
SangYeob Kim (NH Bar: 266657)
Chelsea Eddy (NH Bar: 276248)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION
18 Low Avenue
Concord, NH 03301
603.227.6678
gilles@aclu-nh.org
henry@aclu-nh.org
sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Fermín L. Arraiza-Navas*
#215705 (US District Court Puerto Rico)
AMERICAN CIVIL LIBERTIES UNION PUERTO RICO CHAPTER
Union Plaza, Suite 1105
416 Avenida Ponce de León
San Juan, Puerto Rico 00918
787.753.9493
farraiza@aclu.org


*Counsel for Plaintiffs*
*\* Application for admission pro hac vice forthcoming*

4