# EXHIBIT W



**U.S. Department of State**
**Bureau of Educational and Cultural Affairs**
**Private Sector Exchange**

**September 2, 2016**

# Guidance Directive 2016-03
**9 FAM 403.11-3 – VISA REVOCATION**

--------------------------------------------

The Department would like to bring to your attention a policy implemented on November 5, 2015, which requires consular officers to prudentially revoke (i.e., without making a determination that the individual is inadmissible) nonimmigrant visas of individuals arrested for, or convicted of, driving under the influence or driving while intoxicated, or similar arrests/convictions, that occurred within the previous five years, as detailed in 9 FAM 403.11-3(A). This requirement does not apply when the arrest/conviction occurred prior to the date of the visa application and has already been assessed within the context of a visa application.

Driving under the influence indicates a possible visa ineligibility under INA 212(a)(1)(A)(iii) for a physical or mental disorder with associated harmful behavior that is likely to pose a threat to the property, safety, or welfare of the applicant or others in the future. Consular officers refer any nonimmigrant visa applicant with one alcohol related arrest in the last five years, two or more arrests in the last 10 years, or where other evidence suggesting an alcohol problems exists, to a panel physician for a medical examination prior to visa issuance in order to determine whether this type of ineligibility may apply to the applicant.  See INA 212(d); 22 CFR 41.108; 9 FAM 302.2-7(B)(3)(b).

The Department's prudential revocations reflect that, after visa issuance, new or additional information calls into question the subject's continued eligibility for a visa. In cases of a DUI arrest/conviction, consular officers may prudentially revoke the visa of an individual even if he or she is physically present in the United States.  If a J-1's visa is revoked, the Department will usually revoke any J-2 dependents' visas as well.

What does this mean for exchange visitors?  If an exchange visitor is in the United States, the revocation of their visa does not override the J-1 status granted by Customs

and Border Protection ("CBP") at the time of their entry or their ability to stay in the United States (except in extremely rare instances). However, the visa is no longer valid for future travel to the United States. An individual whose visa has been revoked and who departs the United States must receive a new visa (i.e., reapply for a visa and demonstrate eligibility) before seeking to reenter the United States. Therefore, after the individual's departure from the United States, sponsors should terminate his or her program status in SEVIS.

On March 14, 2016, all unclassified 9 FAM content was made public, except for redacted portions that contain sensitive but unclassified language. The publicly available subchapters can be found at:
https://fam.state.gov/Fam/FAM.aspx?ID=09FAM.

We thank you for your continued commitment to international exchanges and to the Department's public diplomacy mission. Your contribution is vital, and we value your partnership.

Keri M. Lowry
Deputy Assistant Secretary
 for Private Sector Exchange