# EXHIBIT LL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN ROE and JANE DOE,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>Defendants. | CV 25–40–BU–DLC<br><br>ORDER |

Before the Court is Plaintiffs John Roe and Jane Doe's[1] ("Plaintiffs") Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2.) For the reasons herein, the Court issues a temporary restraining order and sets a hearing on the Motion for April 29, 2025.

## BACKGROUND

Plaintiffs are full-time international students currently enrolled at Montana State University, Bozeman ("MSU") (Doc. 1 ¶ 2.) Roe, a citizen of Iran, received

---

[1] Plaintiffs are proceeding under pseudonym to protect themselves against retaliation, doxing, and/or harassment. (Doc. 2 at 3.)

1

an F-1 visa to study in the United States on July 26, 2016, and Doe, a citizen of Turkey, first arrived in the United States on an F-1 visa in 2014. (Doc. 1 ¶¶ 20, 27.) Roe has been pursuing a Ph.D. in electrical engineering since 2019, and Doe a master's degree in microbiology since 2021. (*Id.* ¶ 3.) Neither student has been convicted of committing any crime or violating any immigration law in the United States, and neither student has been active in on-campus protests regarding any political issue. (*Id.*)

On April 10, 2025, Plaintiffs received an email from MSU informing them that their Student and Exchange Visitor Information System ("SEVIS") record was terminated. (Docs. 4 ¶ 17; 5 ¶ 16.) According to the email, Plaintiffs' SEVIS record indicated the following: "Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." (Docs. 6-2 at 2; 6-3 at 2.) The email also provided that "[w]hen a student's record is terminated, that student is expected to depart the United States immediately. Unlawful presence in the United States could result in arrest, detention or deportation by federal authorities." (*Id.*)

On April 14, 2025, Plaintiffs filed this lawsuit against Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security ("DHS"), DHS, and Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE") (collectively, Defendants),

2

alleging that DHS unlawfully terminated their F-1 student status in the SEVIS system. (Docs. 1 ¶ 15; 3 at 19.) Plaintiffs challenge DHS's termination of their F-1 student status in the SEVIS system. (Doc. 3 at 19.) Plaintiffs do not challenge the revocation of their F-1 visa. (*Id.*)

Count I alleges that Defendants violated the Due Process Clause of the Fifth Amendment to the United States Constitution by terminating Plaintiffs' SEVIS record based on improper grounds, without prior notice, and without providing Plaintiffs an opportunity to respond. (Doc. 1 ¶¶ 51–53.) Count II alleges that Defendants violated the Administrated Procedure Act ("APA") by terminating Plaintiffs' SEVIS record without statutory or regulatory authority. (*Id.* ¶¶ 54–57.) Count III alleges that Defendants violated the APA's procedural due process provision, 5 U.S.C. § 706(2)(B), by terminating Plaintiffs' SEVIS records based on improper grounds, without prior notice, and without providing Plaintiffs an opportunity to respond. (*Id.* ¶¶ 58–60.) And Count IV alleges that because Defendants failed to articulate the facts forming the basis for their decision to terminate Plaintiffs' SEVIS status, Defendants actions were "arbitrary, capricious, an abuse of discretion, or otherwise not accordance with the law." (*Id.* ¶¶ 61–63.)

Also on April 14, 2025, Plaintiffs filed an emergency motion for a temporary restraining order and preliminary injunction, seeking an order from this Court:

3

> (1) requiring Defendants to restore Plaintiffs' F-1 student status in SEVIS;
>
> (2) requiring Defendants Noem and Lyons to set aside the F-1 student status termination decisions as to Plaintiffs;
>
> (3) prohibiting Defendants Noem and Lyons from terminating Plaintiffs' F-1 student status absent a valid ground as set forth in 8 C.F.R. § 214.1(d), and absent an adequate individualized pre-deprivation proceeding before an impartial adjudicator for each Plaintiff, in which they will be entitled to review any adverse evidence and respond to such evidence prior to determining anew that any Plaintiff's F-1 student status should be terminated;
>
> (4) prohibiting all Defendants from arresting, detaining, or transferring Plaintiffs out of this Court's jurisdiction, or ordering the arrest, detention, or transfer of Plaintiffs out of this Court's jurisdiction, without first providing adequate notice to both this Court and Plaintiff's counsel as well as time to contest any such action; and
>
> (5) prohibiting all Defendants from initiating removal proceedings against or deporting any Plaintiff on the basis of the termination of their F-1 student status.

(Doc. 2 at 2–3.) Plaintiffs further request a waiver of the requirement for bond or security as provided for by Federal Rule of Civil Procedure 65(c). (*Id.* at 3.)

Counsel for Defendants have not yet appeared. On April 15, 2025, this Court issued an order requiring Plaintiffs to provide further information regarding efforts to notify Defendants of this matter. (Doc. 9.) Plaintiffs subsequently filed a Notice explaining that they are actively engaged in email correspondence with the United

4

States Attorney's Office for the District of Montana. (Docs. 10; 10-1.) As of the date of this Order, Defendants have not responded to Plaintiffs' Motion.

## LEGAL STANDARD

Temporary restraining orders "serv[e] the [] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). To obtain emergency injunctive relief—whether that be a temporary restraining order or preliminary injunction—a plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the equities balance in the plaintiff's favor; and (4) that preliminary injunctive relief would serve the public interest. *See Winter v. Natural Res. Def Council, Inc.,* 555 U.S. 7, 20 (2008).

## DISCUSSION

Although Defendants have yet to appear in this case, Plaintiffs have provided the Court with copies of email correspondence between the United States Attorney's Office for the District of Montana regarding this case. (*See* Docs. 10; 10-1.) The Court finds this email exchange sufficient to demonstrate notice for purposes of issuing a temporary restraining order, and thus will continue with a discussion of the merits. *See Document Operations, L.L.C. v. AOS Legal Techs.,*

5

*Inc.*, 2021 WL 3729333, at *2 (5th Cir. 2021).

## I.     Likelihood of Success on the Merits

Plaintiffs argue they are likely to succeed on the merits of their Complaint for two reasons: first, the termination of Plaintiffs' F-1 status under the SEVIS system violates the APA and second, the termination violates the Due Process Clause of the United States Constitution. (Doc. 3 at 19.)

Plaintiffs direct this Court to a recent decision out of the United States District Court for the District of New Hampshire, a case presenting facts much like those at issue here. *See Liu v. Noem*, 25-cv-133-SE (D. NH April 10, 2025). There, a university student sued Noem and Lyons alleging that DHS unlawfully terminated his F-1 student status in the SEVIS system. *Id.* The plaintiff alleged DHS violated his due process rights under the Fifth Amendment to the United States Constitution and violated the APA when it terminated his status in the SEVIS system. *Id.* After oral argument, the court found the plaintiff was "likely to show that DHS's termination of his F-1 student status was not in compliance with 8 C.F.R. § 214.1(d) and was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* (citing 5 U.S.C. § 706(2)(A)).

The District of New Hampshire's conclusion is persuasive. 8 C.F.R. § 214.1(d) provides that "the nonimmigrant status of an alien shall be terminated by the revocation of a waiver authorized on his or her behalf under section 212(d)(3)

6

or (4) of the Act; by the introduction of a private bill to confer permanent resident status on such alien; or, pursuant to notification in the Federal Register, on the basis of national security, diplomatic, or public safety reasons." None of these mechanisms have been employed in this case. 8 C.F.R. § 214.1(d) does not provide statutory or regulatory authority to terminate F-1 student status in SEVIS based upon revocation of a visa. *See Fang v. Director U.S. Immigration & Customs Enforcement*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019). Moreover, Plaintiffs' academic record and lack of criminal history fails to support an alternative basis for termination of their F-1 status; at any rate, DHS's decision does not purport to rely upon such a reason.

Therefore, the Court finds that Plaintiffs are likely to succeed on the allegation that Defendants' termination of Plaintiffs' F-1 student status under the SEVIS is arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706(2). Because Plaintiffs are likely to succeed on their APA cause of action, the issue of due process need not be addressed at this time.

## II. Likelihood of Irreparable Harm

Plaintiff Doe has been pursuing her master's degree in biology at MSU for the past three and a half years. (Doc. 5 ¶ 9.) As part of her program, she has been employed as a teaching and research assistant. (*Id.* ¶¶ 9–11.) Doe is scheduled to

7

complete her master's degree program and graduate with distinction on May 8, 2025. (*Id.* ¶ 12–15.) Plaintiff Roe has been pursuing his Ph.D. in electrical engineering/physics at MSU for the past six years. (Doc. 4 ¶ 7.) As part of his program, Roe has been employed by MSU as a research assistant and works approximately 60 to 65 hours per week. (*Id.* ¶ 8.) Losing F-1 status places Plaintiffs' education, research, financial stability, and career trajectories at imminent risk of irreparable harm. (Docs. 4 ¶ 22; 5 ¶ 21.) Plaintiffs also face the risk of immediate detention or removal from the United States.

In consideration of the above, Plaintiffs have successfully shown that, absent the relief provided for by a TRO, they will suffer irreparable harm for which an award of monetary damages would be insufficient.

### III.     Balance of Hardships and Public Interests

With respect to public interest, "when the government is a party, the analysis of the balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F. Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)). The relief requested restores Plaintiffs ability to remain in the United States to complete their degrees, and granting temporary relief in this instance will maintain the status quo. Although Defendants have yet to respond, the Court finds it compelling that Plaintiffs have not been convicted of any crime while in the United States. On balance, the

equities tip in Plaintiffs' favor at this stage of the proceedings. A TRO will preserve the status quo for the short duration until a hearing can be held in this matter.

Finally, it is unlikely any harm will come to Defendants as a result of this temporary restraining order. Therefore, the Court exercises its discretion to waive the bond requirement provided for by Rule 65(c). *See Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).

## CONCLUSION

Accordingly, IT IS ORDERED that Plaintiffs' Motion (Doc. 2) is GRANTED. Defendants Kristi Noam, the Department of Homeland Security, and Todd Lyons are temporarily enjoined for a period of fourteen days from the date of this Order as follows:

(1) Defendants shall restore Plaintiffs' F-1 student status in the Student and Exchange Visitor Information System;

(2) Defendants shall set aside the F-1 student status termination determination as to Plaintiffs;

(3) Defendants shall not terminate either Plaintiff's student status under the Student and Exchange Visitor Information System absent a valid ground as set forth in 8 C.F.R. § 214.1(d), and absent an adequate individualized pre-deprivation proceeding before an impartial adjudicator for each

9

Plaintiff;

(4) Defendants are prohibited from arresting, detaining, or transferring either Plaintiff out of this Court's jurisdiction, or ordering the arrest, detention or transfer of either Plaintiff out of this Court's jurisdiction, without first providing adequate notice to both this Court and Plaintiffs' counsel as well as appropriate time to contest any such action; and

(5) Defendants are prohibited from initiating removal proceedings against or deporting either Plaintiff on the basis of the termination of their F-1 student status.

IT IS FURTHER ORDERED that the security required by Federal Rule of Civil Procedure 65(c) is waived.

IT IS FURTHER ORDERED that Plaintiffs shall file, under seal, identifying information including full name, address, and date of birth, and any other information necessary for Defendants to reinstate their F-1 student status in the Student and Exchange Visitor Information System.

IT IS FURTHER ORDERED that Defendants shall file their response to Plaintiffs' Motion (Doc. 2) on or before April 21, 2025. Plaintiffs shall file their reply brief on or before April 25, 2025.

IT IS FURTHER ORDERED that a hearing on Plaintiffs' Motion (Doc. 2) shall be held on **April 29, 2025, at 9:00 a.m.** at the Russell Smith Federal

10

Courthouse in Missoula, Montana.

IT IS FURTHER ORDERED that the parties shall file respective notices by 5:00 p.m. on April 22, 2025, of any witnesses they intend to call at the hearing along with a brief summary of their expected testimony and the expected length of their testimony.

DATED this 15th day of April, 2025 at 4:45 p.m.

                                                Dana L. Christensen, District Judge
                                                United States District Court