UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MANIKANTA PASULA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | No. 1:25-cv-00156-SE-TSM |

## STIPULATION OF DISMISSAL

Plaintiffs and Defendants hereby stipulate to the following:

1. The Student and Exchange Visitor Information System ("SEVIS") records for the named Plaintiffs in this case have been returned to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").

2. The reactivation of the named Plaintiffs' SEVIS records shall be considered retroactive to the date of their initial termination such that there is no gap or lapse in the named Plaintiffs' SEVIS records. Although the event history will memorialize whatever modifications are made to the SEVIS accounts, the effect of this retroactive activation is as though the termination did not happen. Because the event history memorializes any modifications made to the SEVIS records, including the termination, within sixty days of this stipulation, SEVP will provide the named Plaintiffs with a letter, to be mailed to the addresses listed in the SEVIS system, that the named Plaintiffs may rely upon to show the retroactive effect of the reactivation, which will state that the reactivation is retroactive to the respective dates of termination.

3. ICE will not re-terminate the named Plaintiffs' SEVIS records based solely on the National Crime and Information Center ("NCIC") records that led to the April 2025 SEVIS record terminations that form the basis of this lawsuit, nor based on any related prudential visa revocation that is effective upon departure. However, ICE maintains the authority to terminate a SEVIS record including for the reasons set forth in *Exhibit A* (SEVIS Notice – Policy Regarding Termination of Records (Apr. 26, 2025)), such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act ("INA").

4. Defendants' April 2025 terminations of the named Plaintiffs' SEVIS records did not terminate their F-1 student status. Absent new information and consistent with ICE's April 26, 2025 policy, Defendants will not terminate the named Plaintiffs' SEVIS records. Absent new information, Defendants will not terminate the named Plaintiffs' F-1 status.

5. Pursuant to INA § 221(i) [8 U.S.C. § 1201(i)], notice of a visa revocation must be communicated to the Department of Homeland Security ("DHS"). DHS has not received any communication from the Department of State that the visa of the named Plaintiffs in this action have been revoked with immediate effect.

6. On April 26, 2025, ICE adopted a new policy entitled "SEVIS Notice – Policy Regarding Termination of Records" stating as follows: "If [the Department of] State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)." A visa revocation that is effective upon departure rather than immediately—which constitutes a prudential visa revocation—does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of

the SEVIS record under the new SEVIS policy.

7. The termination and reactivation of the named Plaintiffs' SEVIS records by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE—including any such record concerning the named Plaintiffs—USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8. To the extent USCIS issues a Request for Evidence ("RFE"), issues a Notice of Intent to Deny ("NOID") during the adjudicatory process, or denies an immigration benefit request that is based in whole or part on the termination and reactivation of the named Plaintiffs' SEVIS records, Plaintiffs agree to provide this Stipulation to USCIS in the first instance. If, after receipt of this Stipulation from Plaintiffs, USCIS requires additional information about the scope of this Stipulation from Defendants, Plaintiffs' counsel shall notify Defendants' counsel of the information requested by USCIS regarding the scope of this Stipulation and Defendants shall timely provide to USCIS and Plaintiffs' counsel their response regarding the scope of this Stipulation.

9. Defendants shall communicate this Stipulation to the Department of State, and Defendants will notify Plaintiffs, through counsel, in writing that this communication occurred.

10. Plaintiffs shall dismiss this action with prejudice with respect to the April 2025 terminations of the named Plaintiffs' SEVIS records but reserve the right to pursue separate litigation if their SEVIS records are terminated again. Each party shall bear its own fees and costs.

Dated: August 18, 2025

SO STIPULATED AND AGREED BY,

| Defendants, | Plaintiffs, |
|---|---|
| By and through their counsel, | By and through their counsel, |
| BRETT A. SHUMATE<br>Assistant Attorney General | */s/ Gilles Bissonnette*<br>Gilles R. Bissonnette (NH Bar: 265393)<br>SangYeob Kim (NH Bar: 266657)<br>Chelsea Eddy (NH Bar: 276248) |
| GLENN M. GIRDHARRY<br>Acting Deputy Director | AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE |
| */s/ Alessandra Fasso*<br>ALESSANDRA FASO<br>Acting Assistant Director<br>United States Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>General Litigation and Appeals<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Tel: 202.305.9855<br>alessandra.faso@usdoj.gov | 18 Low Avenue<br>Concord, NH 03301<br>Tel.: 603.227.6678<br>gilles@aclu-nh.org<br>sangyeob@aclu-nh.org<br>chelsea@aclu-nh.org |
| ALEXANDRA MCTAGUE SCHULTE<br>Senior Litigation Counsel | Carol Garvan<br>Zachary L. Heiden<br>American Civil Liberties Union Foundation<br>PO Box 7860<br>Portland, ME 04112<br>207-619-8687<br>cgarvan@aclumaine.org<br>zheiden@aclumaine.org |
| | Fermin L Arraiza-Navas<br>American Civil Liberties Union<br>416 Ponce de Leon Avenue, Suite 1105<br>San Juan, PR 00918<br>787-753-8493<br>arraizanavasfermin@gmail.com |
| | Lynette J. Labinger<br>Labinger Law Office<br>128 Dorrance St, Ste Box 710<br>Providence, RI 02903<br>401-465-9565<br>ll@labingerlaw.com |

Ronald L. Abramson (N.H. Bar: 83593)
SHAHEEN & GORDON P.A.
180 Bridge Street
Manchester, NH 03104
603.792.8472
rabramson@shaheengordon.com